UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| CHARLOTTE DANZER ) | Case Number |
| ) | |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| ALLIED INTERSTATE, INC ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Charlotte Danzer, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully aver as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiff, Charlotte Danzer, is an adult natural person and bring this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL")  which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in the Commonwealth of Pennsylvania and Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Charlotte Danzer, is an adult natural persons residing at 6809 Club House Drive, Harrisburg, PA 17111. At all times material and relevant hereto, Plaintiff is a ("consumer") as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Allied Interstate, Inc ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 800 West Interchange, 435 Ford Road, Minneapolis, MN 55426.

## IV. FACTUAL ALLEGATIONS

6. During March, 2010, Plaintiff was first contacted by Defendant collecting on a debt allegedly owed on an American Student Assistance loan for over $18,000.00.

7. On or about March 18, 2010, Plaintiff received notice from Defendant's student loan services offering a settlement of $18,682.59. **See Exhibit "A" (letter) attached hereto.**

8. At that time, Plaintiff requested verification of the debt from Defendant.

9. Plaintiff never received verification.

10. On or about March 20, 2010, Plaintiff received a Notice Prior to Wage Withholding. **See Exhibit "B" (notice) attached hereto.**

11. This notice stated the amount due was $18,720.51.

12. Plaintiff was informed that she needed to establish a written agreement with Defendant on or before April 29, 2010, or they would proceed with 15% disposable pay deductions from her paycheck.

13. On or about April 21, 2010, Plaintiff spoke to Defendant's agent, "Michelle", who told her that she had to pay the full amount that day or she would contact her employer.

14. On that same call, Defendant's agent, "Michelle", told the Plaintiff that she could keep her from calling her employer if she paid $100.00 that day.

15. Out of fear of losing her job Plaintiff gave Defendant's agent, "Michelle", her debit card number to pay the $100.00.

16. Plaintiff understood that this was a one-time payment.

17. Defendant's agent went on to encourage the Plaintiff to borrow the money to get this debt paid, because she would still be receiving calls every day.

18. Defendant ended the call.

19. On or about April 23, 2010, Plaintiff called back to speak with Defendant's agent, "Michelle", and was told that she no longer worked for the company.

20. Plaintiff spoke to Defendant's agent, "Julia", who instructed the Plaintiff to find a way to pay the debt, to avoid her wages being garnished.

21. Plaintiff continues to get calls on a daily basis trying to collect on the above referenced debt.

22. As of the following of this complaint, Plaintiff's wages have not yet been garnished.

23. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

24. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiffs to pay the debt.

25. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

26. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

27. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

28. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

29. The above paragraphs are hereby incorporated herein by reference.

30. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

31. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount, or legal status of the alleged debt |
| §§ 1692e(4): | Nonpayment of any debt will result in garnishment, seizure or attachment |
| §§ 1692e(5): | Threaten to take any action that cannot be legally taken or is not intended to be taken |
| §§ 1692f: | Any unfair or unconscionable means to collect the alleged debt |
| §§ 1692g: | Failure to send consumer 30-day validation notice within five (5) days of initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Allied Interstate, Inc. for the following:

a.  Actual damages;

b.  Statutory damages pursuant to 15 U.S.C. § 1692k;

c.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
## (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

32. Plaintiff repeats, re-alleges and incorporate by reference the foregoing paragraphs.

33. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

34. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

35. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

36. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

37. Violations of the FDCPA is a <u>per se</u> violation of the FCEUA and the UTPCPL.

38. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

39. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

 a. Actual damages;

 b. Treble damages;

 c. An award of reasonable attorneys fees and expenses and costs of court; and

 d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III

## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

40. The foregoing paragraphs are incorporated herein by reference.

41. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

42. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

43. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

    a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

    b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

    c. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

4. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

45. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a.    An Order declaring that Defendant violated the UTPCPL;

    b.    Actual damages;

    c.    Treble damages;

    d.    An award of reasonable attorney's fees and expenses and cost of suit; and

    e.    Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

**Date: June 3, 2010**    BY:   */s/ Brent F. Vullings*
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff